THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| STEEL RIVER SYSTEMS, LLC, JAY D. HEATH, | ) | |
| BEVERLY G. STOLL, AMBER BOWER, and | ) | |
| JOEL COURTNEY, individually and on behalf of | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by its undersigned attorneys, brings this Complaint for Declaratory Judgment against Defendants, STEEL RIVER SYSTEMS, LLC ("Steel River"), JAY D. HEATH, AMBER BOWER, JOEL COURTNEY, and BEVERLY G. STOLL, individually and on behalf of all others similarly situated, and alleges and states as follows:

### STATEMENT OF THE CASE

1. Scottsdale brings this insurance coverage action to obtain a judicial declaration that it does not have the duty to defend or indemnify Steel River in connection with a class action lawsuit resulting from a data breach that occurred between May 25, 2022 and July 16, 2022 ("Incident"), encaptioned *Heath et al. v. Steel River Systems, LLC*, Case No. 2023-LA-000006, in the Circuit Court for Whiteside County, Illinois ("Class Action Lawsuit").

### THE PARTIES

2. Plaintiff, Scottsdale, is a corporation organized under the laws of Ohio with its principal place of business in Scottsdale, Arizona.

3. Defendant, Steel River, is a limited liability company organized under the laws of Illinois with its principal place of business located in Rock Falls, Illinois. Steel River's sole member, Corey Gabler, is a resident of Illinois.

4. Jay D. Heath is a citizen of Maryland. He is named a potentially interested party by virtue of his status as a representative class plaintiff in the Class Action Lawsuit.

5. Beverley G. Stoll is a citizen of Alabama. She is named a potentially interested party by virtue of her status as the representative class plaintiff in the Class Action Lawsuit.

6. Amber Bower is a citizen of Virginia. She is named a potentially interested party by virtue of her status as the representative class plaintiff in the Class Action Lawsuit.

7. Joel Courtney is a citizen of California. He is named a potentially interested party by virtue of his status as the representative class plaintiff in the Class Action Lawsuit.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over all parties, pursuant to 28 U.S.C. § 1332(a), since the amount in controversy exceeds $75,000, exclusive of interests and costs, and the parties are citizens of different states.

9. Venue is appropriate under 28 U.S.C. § 1391(b)(1), as certain parties conduct business in this district, this action involves a coverage dispute with respect to the Class Action Lawsuits pending in this district, and the coverage dispute arises from events that occurred in this district.

10. An actual justiciable controversy exists between Scottsdale, on the one hand, and Steel River and Heath, Stoll, Bower, and Courtney, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

**POLICY**

11. Scottsdale issued to Steel River a commercial general liability insurance policy, No. CPS7455799, effective October 6, 2021 to October 6, 2022 ("Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit A**.

12. The Policy contains the following Insuring Agreement with respect to "bodily injury" and property damage liability coverage (Coverage A):

> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. …

13. The Policy defines "bodily injury" and "property damage" as follows:

> 3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.
>
> * * *
>
> 17. "Property damage" means:
>
> a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.
>
> For the purposes of this insurance, electronic data is not tangible property.
>
> * * *

14. Pursuant to an endorsement (CG 21 38 11 85), the Policy excludes all coverage for "personal and advertising injury" (Coverage B). It states as follows:

**EXCLUSION – PERSONAL AND ADVERTISING INJURY**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART.

COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply

\* \* \*

15. The Policy includes the Exclusion-Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception Endorsement (CG 21 06 05 14) ("Access or Disclosure Exclusion"), which provides:

> A. Exclusion **2.p.** of **Section I—Coverage A—Bodily Injury And Property Damage Liability** is replaced by the following:
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **p. Access Or Disclosure Of Confidential Or Personal Information And Data-related Liability**
>
> Damages arising out of:
>
> **(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
>
> \* \* \* \*
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of that which is described in paragraph **(1)** or **(2)** above.
>
> However, unless paragraph **(1)** above applies, this exclusion does not apply to damages because of "bodily injury."

Page **4** of **10**

\* \* \*

>As used in this exclusion, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMs, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

\* \* \*

    **B.**    The following is added to paragraph **2. Exclusions** of **Section I—Coverage—Personal And Advertising Injury Liability:**

>**2.**    **Exclusions**
>
>This insurance does not apply to:
>
>**Access Or Disclosure Of Confidential Or Personal Information**
>
>"Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
>This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

\* \* \*

## CLASS ACTION LAWSUIT

    16.    The first amended class action complaint in the Class Action Lawsuit ("Class Action Complaint") alleges that Steel River offers collection services and/or operates as a collection agency, and that Heath, Stoll, Bower, and Courtney (collectively, "Plaintiffs") provided their private and/or financial information to Steel River or its direct customers in exchange for loans, other business

services, or employment. A true and correct copy of the Class Action Complaint is attached hereto and incorporated herein as **Exhibit B**.

17. The Class Action Complaint alleges that on or about July 16, 2022, Steel River became aware of suspicious activity on its computer network, and data contained on certain Steel River systems was subject to unauthorized access and/or acquisition between May 25, 2022 to July 16, 2022.

18. It is alleged that Steel River "did not realize for nearly 9 weeks that the PII of [Heath, Stoll, Bower, and Courtney] was actively being accessed and acquired by cyber criminals."

19. Heath, Stoll, Bower, and Courtney are alleged to have suffered "losses in the form of the loss of the benefit of their bargain, out-of-pocket expenses, and the value of their time reasonably incurred to remedy or mitigate the effects of the attack."

20. The Class Action Complaint alleges that the Incident "was a direct result of [Steel River's] failure to implement adequate and reasonable cyber-security procedures and protocols necessary to protect [Heath, Stoll, Bower, and Courtney's] Private Information," and that Steel River did not provide timely and adequate notice of the Incident.

21. The Class Action Complaint alleges that Heath, Stoll, Bower, and Courtney suffered injury "in the form of damages and diminution in the value of … PII," a form of intangible property that was entrusted to Steel River; "lost time, annoyance, interference, and inconvenience" as a result of the Incident, "anxiety and increased concerns for the loss of … privacy"; and imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from … stolen PII being placed in the hands of unauthorized third parties and possibly criminals."

22. The Class Action Complaint generally alleges that Heath, Stoll, Bower, and Courtney have suffered anguish.

23. The Class Action Complaint alleges five counts against Steel River, as follows:

A. Count I ("Negligence – On Behalf of Plaintiff(s) and All Class Members"), in that Steel River owed a duty to exercise reasonable care in safeguarding and protecting PII in its possession, custody, or control, including a duty to implement processes that could detect a breach, pursuant to the Federal Trade Commission Act, 15 U.S.C. § 45 and industry standards. However, Steel River allegedly breached its duties in one or all of the following ways: "a. Failing to adopt, implement, and maintain adequate security measures to safeguard Class Members' PII; b. Failing to adequately monitor the security of its networks and systems; c. Failing to periodically ensure that its email system had plans in place to maintain reasonable data security safeguards; d. Allowing unauthorized access to Class Members' PII; e. Failing to detect in a timely manner that Class Members' PII had been compromised; and f. Failing to promptly notify Class Members of the breach so they might mitigate their damages and protect their Private Information." Count I seeks compensatory damages, consequential damages, and injunctive relief.

B. Count II ("Negligence Per Se – On Behalf of Plaintiff(s) and All Class Members") alleges that Section 5 of the FTCA prohibits "unfair . . . practices in or affecting commerce," including the unfair act or practice by businesses of failing to use reasonable measures to protect PII," and that Steel River, "violated Section 5 of the FTC Act by failing to use reasonable measures to protect PII and not complying with applicable industry standards." Count II alleges that Plaintiffs and the putative class members "have suffered and will continue to suffer damages as a result of Steel River's conduct," and seeks "damages and other relief as a result of Steel River's negligence."

C. Count III ("Intrusion Upon Seclusion/Invasion of Privacy – On Behalf of Plaintiff(s) and All Class Members") alleges that Plaintiffs and the putative class members had a reasonable expectation of privacy in the Private Information Steel River mishandled, and that by "intentionally failing to keep Plaintiff(s)' and Class Members' Private Information safe, and by intentionally misusing and/or disclosing said information to unauthorized parties for unauthorized use," Steel River intentionally invaded the privacy of Heath and the putative class members in various ways, including intentionally "causing anguish or suffering." Count III seeks "damages."

D. Count IV ("Unjust Enrichment – On Behalf of Plaintiff(s) and All Class Members") alleges that Plaintiffs and the putative class members conferred a monetary benefit on Steel River by providing their PII, which Steel River could not engage in its business without, but that Steel River enriched itself by saving the costs it reasonably should have expended on data security measures to secure Plaintiffs' and the putative class members' Private Information, and instead, calculated to increase its own profits at the expense of Plaintiffs and the putative class members by utilizing cheaper, ineffective security measures. Count IV alleges injuries including, but not limited to: (i) actual identity theft; (ii) the loss of the opportunity how their PII is used; (iii) the compromise, publication, and/or theft of their PII; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, and/or

unauthorized use of their PII; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Incident, including but not limited to efforts spent researching how to prevent, detect, contest, and recover from identity theft; (vi) the continued risk to their PII, which remain in Steel River's possession and is subject to further unauthorized disclosures so long as Steel River fails to undertake appropriate and adequate measures to protect PII in their continued possession; and (vii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PII compromised as a result of the Incident for the remainder of the lives of Plaintiffs and the putative class members. Count IV seeks disgorgement of Steel River's revenue.

E. Count V ("Declaratory Judgment (On Behalf of Plaintiff(s) and All Class Members")) alleges that a controversy has arisen "in the wake of the SRS data breach regarding its present and prospective common law and other duties to reasonably safeguard its customers' Personal Information and whether SRS is currently maintaining data security measures adequate to protect Plaintiff(s) and Class Members from further data breaches that compromise their Private Information," that Steel River's security measures remain inadequate, and that Plaintiffs will continue to "suffer injury because of the compromise of their Private Information and remain at imminent risk that further compromises of their Private Information will occur in the future." Count V requests a declaration that Steel River owes a legal duty to secure consumers' Private Information and to timely notify consumers of a data breach under the common law, Section 5 of the FTC Act, and various states' statutes, and that Steel River breaches its duty by failing to employ reasonable measures to secure such Private Information. Count V also seeks a prospective injunction requiring Steel River to employ adequate security protocols.

24. The Class Action Complaint seeks to certify the following Class: All persons whose Private Information was maintained on Defendant Steel River, Inc.'s computer systems and compromised in its Data Breach that occurred between May and July 2022.

25. The Class Action Complaint specifically seeks injunctive, equitable, and declaratory relief; an order that Steel River pay for long-term credit monitoring services for Plaintiffs and the putative class members; and actual damages, compensatory damages, statutory damages, statutory penalties, punitive damages, attorneys' fees and costs, and pre- and post-judgment interest.

## TENDER ON BEHALF OF STEEL RIVER

26. Steel River has sought from Scottsdale a defense against the Class Action Lawsuit.

27. On February 10, 2023, Scottsdale denied Steel River's tender.

## COUNT I – NO DUTY TO DEFEND

28. Scottsdale incorporates by reference paragraphs 1-27 above as if fully stated herein.

29. Coverage A of the Policy applies to "bodily injury" and "property damage." "Bodily injury" is defined as "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." "Property damage" means, in pertinent part, "physical injury to tangible property, including all resulting loss of use of that property" or "loss of use of tangible property that is not physically injured." However, the Class Action Complaint does not allege "bodily injury" or "property damage," as those terms are defined in the Policy. Hence, Scottsdale has no duty to defend Steel River in connection with the Class Action Lawsuit.

30. The Policy specifically excludes "personal and advertising injury" by the Exclusion – Personal and Advertising Injury Endorsement (form CG 21 38 11 85), which provides that "COVERAGE B (Section I) does not apply and none of the references to it in the Coverage Part apply." Thus, Coverage B could not possibly apply to trigger a duty to defend under the Policy for the Class Action Lawsuit.

31. Even if the Policy included Coverage B or all other prerequisites under Coverage A were met, which Scottsdale denies, the Policy's Access or Disclosure Exclusion, which applies to alleged damages arising out of any access to or disclosure of any person's confidential or personal information, including "any other type of nonpublic information," completely precludes a duty to defend the Class Action Lawsuit.

## COUNT II – NO DUTY TO INDEMNIFY

32. Scottsdale incorporates by reference paragraphs 1-31 above as if fully stated herein.

33. Given that Steel River cannot be liable under any theory in the Class Action Lawsuit that could potentially fall within Coverage A or Coverage B of the Policy, and because Scottsdale has

no duty to defend Steel River in the Class Action Lawsuit, Scottsdale necessarily has no duty to indemnify Steel River against any adverse judgment or settlement in the Class Action Lawsuit.

WHEREFORE, Plaintiff, SCOTTSDALE INSURANCE COMPANY, respectfully requests this Court to declare and adjudge the controversy as follows:

    A.    Scottsdale has no duty to defend Steel River in the Class Action Lawsuit;

    B.    Scottsdale has no duty to indemnify Steel River in the Class Action Lawsuit; and

    C.    Grant any other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATE: June 12, 2023

Respectfully submitted,

By: /s/ Jonathan L. Schwartz
Attorney for Scottsdale Insurance Company

Jonathan L. Schwartz
Glenn A. Klinger
FREEMAN MATHIS & GARY LLP
33 N. Dearborn St., Suite 1430
Chicago, IL 60602
Tel: (773) 389-6440
jonathan.schwartz@fmglaw.com
glenn.klinger@fmglaw.com